David B. Picker [DP-9658]
Suzanne Ilene Schiller [*pro hac vice*]
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8888 / FAX- (215) 241-8844
e-mail: sschiller@lawsgr.com
         dpicker@lawsgr.com
*Lead Counsel for Defendant*

David N. Mair [DM-8883]
KAISER SAURBORN & MAIR, P.C.
111 Broadway
New York, New York 10006
Tel: 212-338-9100 / FAX- 212-338-9088
e-mail: mair@ksmlaw.com
*Local Counsel for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFERSON CITY COMMONS, LLC, | Docket No. **08 Civ. 4866 (LAK)** |
| Plaintiff, | |
| v. | **ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT** |
| MORAN FOODS, INC. d/b/a SAVE-A-LOT, LTD., | |
| Defendant. | ECF Case |

Defendant MORAN FOODS, INC., d/b/a SAVE-A-LOT, LTD. (hereinafter "SAL"), by and through its counsel of record, hereby responds to the First Amended Complaint as follows:

515264-1

## ANSWER

1. SAL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the First Amended Complaint and on that basis denies same and demands strict proof thereof.

2. SAL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the First Amended Complaint and on that basis denies same and demands strict proof thereof.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted on information and belief.

8. Admitted only that Exhibit "A" to the First Amended Complaint appears to be a true and correct copy of a Lease dated July 10, 2007 entered into by the parties, which Lease speaks for itself. Any characterization thereof is denied.

9. Admitted only that Exhibit "A" to the First Amended Complaint appears to be a true and correct copy of a Lease dated July 10, 2007 entered into by the parties, which Lease speaks for itself. Any characterization thereof is denied.

10. Admitted only that Exhibit "A" to the First Amended Complaint appears to be a true and correct copy of a Lease dated July 10, 2007 entered into by the parties, which Lease speaks for itself. Any characterization thereof is denied.

515264-1

11. Admitted only that Exhibit "A" to the First Amended Complaint appears to be a true and correct copy of a Lease dated July 10, 2007 entered into by the parties, which Lease speaks for itself. Any characterization thereof is denied.

12. Admitted only that Exhibit "A" to the First Amended Complaint appears to be a true and correct copy of a Lease dated July 10, 2007 entered into by the parties, which Lease speaks for itself. Any characterization thereof is denied.

13. Admitted only that Exhibit "A" to the First Amended Complaint appears to be a true and correct copy of a Lease dated July 10, 2007 entered into by the parties, which Lease speaks for itself. Any characterization thereof is denied.

14. Admitted only that Exhibit "A" to the First Amended Complaint appears to be a true and correct copy of a Lease dated July 10, 2007 entered into by the parties, which Lease speaks for itself. Any characterization thereof is denied.

15. Admitted only that Exhibit "A" to the First Amended Complaint appears to be a true and correct copy of a Lease dated July 10, 2007 entered into by the parties, which Lease speaks for itself. Any characterization thereof is denied.

16. SAL lacks sufficient information, knowledge or belief to admit or deny the allegations of Paragraph 16 of the First Amended Complaint and on that basis denies same and demands strict proof thereof.

17. SAL lacks sufficient information, knowledge or belief to admit or deny the allegations of Paragraph 17 of the First Amended Complaint and on that basis denies same and demands strict proof thereof.

18. Denied. By way of further response, although never requested by Plaintiff, on or about September 13, 2007, SAL's architect provided drawings to Plaintiff's principal and

on or about September 20, 2007, SAL's architect provided drawings to Plaintiff's local site manager, which drawings complied with SAL's obligations pursuant to the Lease and set forth in sufficient detail the nature of the work to be completed by Plaintiff.

19.   Denied. By way of further response, both before and after receiving the drawings discussed immediately above and receiving at least one estimate of the cost to complete such work, Plaintiff failed to commence construction of the leased premises as required but, instead, requested that SAL's architect revise the drawings and obtain governmental approval to do less work than was required by the express terms of the Lease in order to save itself money. Among other things, Plaintiff refused to provide the automatic fire sprinkler system as required; rather, Plaintiff requested that the architect attempt to convince the local governmental officials to agree to alternative, lower-cost "solutions" to the municipality's fire sprinkler requirements. Additionally, Plaintiff sought to have SAL's architect revise the HVAC system to use existing ductwork despite the fact that such ductwork was insufficient to meet the requirements set forth on Exhibit B of the Lease.

20.   Admitted in part, denied in part. By way of further response, although it was not obligated to do so, SAL and its architects cooperated with Plaintiff's multiple requests to explore whether Plaintiff's required work (as set forth in the Lease) could be completed at a reduced construction cost by exploring various potentially cost saving options as directed by the Plaintiff.

21.   Admitted only that Exhibits "B," "C," "D" and "E" to the First Amended Complaint are documents that speak for themselves. Any characterization thereof is denied. By way of further response, although it was not obligated to do so, SAL and its architects attempted to accommodate Plaintiff's multiple requests to bring down the cost of the

Plaintiff's required work by exploring options to alter or reduce the Plaintiff's construction obligations as set forth in the Lease. However, at no time did SAL agree to any alteration or reduction of Plaintiff's construction obligations, nor extend any deadlines with respect thereto.

22    Denied. By way of further response, SAL had completed its drawings and specifications for Plaintiff's work by September, 2007, in sufficient time for Plaintiff to engage a contractor and execute the work required of it. However, Plaintiff refused to commence construction of the leased premises as required but, instead, requested that SAL's architect revise the drawings and seek to obtain governmental approval to do less work than was required by the express terms of the Lease in order to save money on the construction.

23.    Denied. By way of further response, SAL had completed its drawings and specifications for Plaintiff's work by September, 2007, in sufficient time for Plaintiff to engage a contractor and execute the work required of it. However, Plaintiff refused to commence construction of the leased premises as required but, instead, requested that SAL's architect revise the drawings and seek to obtain governmental approval to do less work than was required by the express terms of the Lease in order to save money on the construction.

24.    The allegations of Paragraph 24 of the First Amended Complaint are legal conclusions to which no response is required. To the extent they are factual, they are denied.

25.    Admitted in part, denied in part. It is admitted only that Exhibit "F" to the First Amended Complaint appears to be a true and correct copy of a letter dated December 4, 2007 from SAL to Plaintiff, which letter speaks for itself. Any characterization thereof is denied. It is expressly denied that SAL had breached the Lease or failed to timely provide Plaintiff with the documents necessary to complete Plaintiff's required work.

26. Denied. By way of further response, SAL had completed its drawings and specifications for Plaintiff's work by September, 2007, in sufficient time for Plaintiff to engage a contractor and execute the work required of it. However, Plaintiff refused to commence construction of the leased premises as required but, instead, requested that SAL's architect revise the drawings and seek to obtain governmental approval to do less work than was required by the express terms of the Lease in order to save money on the construction.

27. The allegations of Paragraph 27 of the First Amended Complaint are legal conclusions to which no response is required. To the extent they are factual, they are denied.

28. Denied. By way of further response, the only reason Plaintiff had failed to comply with its obligations under the Lease was that Plaintiff refused to engage a contractor and execute the work required of it but instead attempted to evade its obligations by seeking changes to the required work in order to save money.

29. Denied. By way of further response, SAL properly invoked the termination provisions of the Lease inasmuch as Plaintiff failed to comply with its obligations to complete certain construction work on the premises.

30. Denied. By way of further response, there was no subterfuge and no "barrage" of correspondence.

31. Admitted only that Exhibit "G" to the First Amended Complaint appears to be a true and correct copy of a letter dated December 10, 2007 from SAL to Plaintiff, which letter speaks for itself. Any characterization thereof is denied.

32. Admitted only that Exhibit "G" to the First Amended Complaint appears to be a true and correct copy of a letter dated December 10, 2007 from SAL to Plaintiff, which letter

6

515264-1

speaks for itself. Any characterization thereof is denied. By way of further response, SAL had complied with its obligations under the Lease.

33. Admitted only that Exhibit "H" to the First Amended Complaint appears to be a true and correct copy of a letter dated December 20, 2007 from SAL to Plaintiff, which letter speaks for itself. Any characterization thereof is denied.

34. Admitted only that Exhibit "H" to the First Amended Complaint appears to be a true and correct copy of a letter dated December 20, 2007 from SAL to Plaintiff, which letter speaks for itself. Any characterization thereof is denied. By way of further response, SAL had complied with its obligations under the Lease.

35. Admitted only that Exhibit "I" to the First Amended Complaint appears to be a true and correct copy of a letter dated December 28, 2007 from Plaintiff's former counsel to SAL, which letter speaks for itself. Any characterization thereof is denied.

36. Admitted only that Exhibit "J" to the First Amended Complaint appears to be a true and correct copy of a letter dated January 10, 2008 from SAL to Plaintiff, which letter speaks for itself. Any characterization thereof is denied. By way of further response, Plaintiff had not, in fact, completed its work within the six (6) months required by the Lease.

37. Admitted only that Exhibit "J" to the First Amended Complaint appears to be a true and correct copy of a letter dated January 10, 2007 from SAL to Plaintiff, which letter speaks for itself. Any characterization thereof is denied. By way of further response, SAL had complied with its obligations under the Lease.

38. Admitted only that Exhibit "J" to the First Amended Complaint appears to be a true and correct copy of a letter dated January 10, 2007 from SAL to Plaintiff, which letter

515264-1

speaks for itself. Any characterization thereof is denied. By way of further response, SAL had complied with its obligations under the Lease while Plaintiff had not.

39. Admitted that SAL, having properly terminated the Lease, did not thereafter make any rent payments to Plaintiff after January 10, 2008. Further admitted that no additional plans or specifications were transmitted to Plaintiff after January 10, 2008 inasmuch as SAL had previously complied with any Lease requirements to furnish documents to the Plaintiff necessary for Plaintiff to complete its work as set forth in the Lease.

40. The allegations of Paragraph 40 of the First Amended Complaint are legal conclusions to which no response is required. To the extent they are factual, they are denied, for the reasons set forth above.

41. The allegations of Paragraph 41 of the First Amended Complaint are legal conclusions to which no response is required. To the extent they are factual, they are denied, for the reasons set forth above.

42. The allegations of Paragraph 42 of the First Amended Complaint are legal conclusions to which no response is required. To the extent they are factual, they are denied, for the reasons set forth above.

43. The allegations of Paragraph 43 of the First Amended Complaint are legal conclusions to which no response is required. To the extent they are factual, they are denied, for the reasons set forth above.

## DEFENSES

44. As a first and separate defense, SAL alleges that Plaintiff has failed to state a claim upon which relief may be granted.

45. As a second and separate defense, SAL alleges that a condition precedent to its performance has not been met. Specifically, Plaintiff has failed to construct and provide the premises required by the Lease.

46. As a third and separate defense, SAL alleges that Plaintiff has breached the Lease, thus discharging SAL from further performance thereof.

47. As a fourth and separate defense, SAL alleges that the Lease was properly terminated.

48. As a fifth and separate defense, SAL alleges that there has been a failure of consideration inasmuch as Plaintiff failed to provide premises as contracted for in the Lease.

Date:   July 30, 2008
        Philadelphia, PA

Respectfully submitted,

**SPECTOR GADON & ROSEN, PC**

By: _/s/ David Picker_
    David B. Picker, Esquire [DP-9658]
    Suzanne Ilene Schiller [*pro hac vice*]
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8888 / FAX- (215) 241-8844
e-mail: sschiller@lawsgr.com
        dpicker@lawsgr.com
*Lead Counsel for Defendant*

David N. Mair [DM-8883]
**KAISER SAURBORN & MAIR, P.C.**
111 Broadway
New York, New York 10006
Tel: 212-338-9100 / FAX- 212-338-9088
e-mail: mair@ksmlaw.com
*Local Counsel for Defendant*

515264-1

## CERTIFICATE OF SERVICE

I, David B. Picker, a member of the Bar of this Court, hereby certify that I caused a true and correct copy of the foregoing Answer and Defenses to Amended Complaint to be served by first class U.S. mail, postage prepaid, this **30**th day of **July**, 2008, upon counsel for Plaintiff, as follows:

>Robert J. Tolchin, Esquire
>225 Broadway, 24th Floor
>New York, NY 10007

Notice was also provided by electronic filing on the Court's ECF electronic filing system.

Date:   July 30, 2008
        Philadelphia, PA

_____
David B. Picker

529941-1